**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MILTON ADELSO LUIS-RUIZ,

*Petitioner*,

v.

MARKWAYNE MULLIN, *et al.*

*Respondents*.

Civil Action No. 26-cv-09793

**MEMORANDUM ORDER**

November 5, 2026

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") filed by Petitioner Milton Adelso Luis-Ruiz ("Petitioner") (ECF No. 1), the Court's September 18, 2026 Text Order (ECF No. 5), Respondents' Letter (ECF No. 10), and Petitioner's Replies (ECF Nos. 12, 13). The Court has considered the parties' submissions; and for the reasons set forth below, the Petition (ECF No. 1) is **GRANTED**.

Petitioner challenges his continued detention by U.S. Immigration and Customs Enforcement ("ICE") and seeks immediate release. (ECF No. 1.) Respondents assert that Petitioner, a native and citizen of Guatemala, entered the United States without inspection, admission, or parole by an immigration officer on or about April 24, 2019. (ECF No. 10 at 1, Ex. A.) Respondents allege that on November 5, 2019, Petitioner failed to appear for his removal proceeding and the immigration judge ordered Petitioner removed *in absentia*. (*Id.*, Ex. B.)

Respondents contend that Petitioner's detention is lawful under 8 U.S.C. § 1231(a) because he is subject to a final order of removal. (ECF No. 10.) According to Respondents, Petitioner's removal period commenced when ICE arrested him on August 1, 2026, and therefore he had been

detained for approximately sixty (60) days when Respondents filed their response. (*Id.* at 2.) Respondents rely principally on the mandatory-detention provision applicable during the 90-day removal period. *See* 8 U.S.C. § 1231(a)(2).

Petitioner argues that Respondents' reliance on § 1231(a) is misplaced, and that Petitioner's removal is not reasonably foreseeable. (*See* ECF No. 12 at 1.)

Respondents' reliance on § 1231(a)(2) requires the Court to distinguish between the commencement of the statutory removal period and the authority for detention after that period. Section 1231(a)(1)(B) provides that the removal period begins on the latest of the dates specified therein, including the date the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)(B). Respondents identify November 5, 2019, as the date on which the Immigration Judge entered Petitioner's *in absentia* removal order. (ECF No. 10 at 1, Ex. B.) Assuming the order became administratively final in November 5, 2019, the 90-day removal period expired in February of 2020, absent a statutory basis for postponing or extending it. Respondents identify no provision of § 1231(a)(1)(B) that would make Petitioner's August 1, 2026 arrest restart that period, nor do they assert that the removal period was extended under § 1231(a)(1)(C).

Section 1231(a)(6) permits detention beyond the removal period in specified circumstances, subject to the limitation recognized in *Zadvydas v. Davis*, 533 U.S. 678, 689, 699 (2001). Under *Zadvydas*, detention may continue only for the period reasonably necessary to accomplish removal. The Supreme Court identified six months as a presumptively reasonable period of post-removal-order detention and explained that, after that period, a noncitizen who provides good reason to believe that removal is not significantly likely in the reasonably foreseeable future may require the Government to rebut that showing. *Id.* at 701.

Petitioner had been detained for approximately sixty (60) days when Respondents filed

their response. (ECF No. 10 at 2.) The Court therefore does not rely solely on the duration of Petitioner's detention or Respondents' failure to identify a specific removal date. Petitioner argues that Respondents rely on § 1231(a), but have not established that Petitioner's August 1, 2026 arrest commenced a new removal period under § 1231(a)(1)(B). (*See* ECF No. 10.)

The Government must have statutory authority to continue Petitioner's detention, and § 1231(a)(6), as construed by *Zadvydas*, does not authorize detention where removal is not reasonably foreseeable. 533 U.S. at 699. On the present record, Respondents have not supplied a sufficient factual basis for concluding that Petitioner's removal is reasonably foreseeable.

Thus, the Court concludes that continued detention under § 1231(a) is not presently authorized, and Petitioner is therefore entitled to habeas relief. Accordingly,

**IT IS** on this 5th day of November 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus, (ECF No. 1), is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from immigration custody within twenty-four (24) hours of the filing of this Order; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

**Hon. Karen M. Williams,**
**United States District Judge**